UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOMINIKA CZARNECKA,

    Plaintiff,

v.

LENNAR HOMES, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DOMINIKA CZARNECKA ("Ms. Czarnecka" or "Plaintiff") files this Complaint against Defendant, LENNAR HOMES, LLC ("LH" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and this venue is therefore proper.

5. Defendant is a Florida profit corporation that is located and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled male. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

8. On or around October 26, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. On October 31, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. Ms. Czarnecka worked for LH as a Bi Engagement Lead from December 19, 2016, until her forced discharge on September 14, 2020.

13. During her years with LH, Ms. Czarnecka was an excellent employee and had no history of attendance, tardiness, or disciplinary issues.

14. In or about May of 2020, Ms. Czarnecka's male Supervisor at LH began assigning her a weekly manual task that relied on Excel spreadsheets.

15. Unfortunately, Ms. Czarnecka has long suffered from a learning disability, dyscalculia, that makes navigating and working with spreadsheets particularly difficult and challenging for her.

16. After struggling in silence with these challenges for a couple of months, Ms. Czarnecka told her male Supervisor in or about July of 2020 that she suffered this disability, and that it impacted her ability to perform without reasonable accommodations.

17. Ms. Czarnecka asked for the very reasonable and non-burdensome accommodation of simply reverting to how things were before, when she was able to focus on her areas of strength, namely Project Management and being a Project Owner or in the alternative allowing her more time to complete the tasks.

18. Instead of providing this reasonable and modest and non-burdensome accommodation to Ms. Czarnecka, her LH Supervisor cruelly started assigning her more tasks related to Excel, and withholding necessary information from her so that her work with these spreadsheets was impossible for her to complete flawlessly.

19. Ms. Czarnecka's weekly meetings with this male Supervisor became nightmarish.

20. LH Supervisor questioned her aggressively, and berated her on account of her disability.

21. When Ms. Czarnecka confronted her LH Supervisor about how he withheld necessary information from her so that her work was impossible, she noted that he practically "threw [her] under the bus."

22. LH Supervisor did not deny his discriminatory actions.

23. The hostile environment worsened on or about August of 2020, when LH Supervisor threatened to terminate Ms. Czarnecka's employment if she didn't "overcome" her disability

24. When Ms. Czarnecka replied that she was doing the best that she could, that her disability was not something that could be "overcome," that she was recently suffering symptoms of another disability, depression, due to his and LH's actions, and that she felt that he was bullying her, he admitted that he was indeed bullying her, and stated, "this is what I do when I am frustrated."

25. On September 11, 2020, Ms. Czarnecka met with her LH Supervisor and requested, as an accommodation for her disabilities, that she be allowed to concentrate on the 95% of her job that she handled with aplomb, namely Project Management and being a Product Owner.

26. During this meeting, Ms. Czarnecka objected to her Supervisor that LH's actions violated, *inter alia*, the ADA.

27. Later that evening, her Supervisor sent Ms. Czarnecka a so-called "improvement plan" that memorialized LH's insistence that she "improve" upon areas such as spreadsheeting which her disability made it difficult, if not impossible, for her to "improve."

28. On September 14, 2020, realizing that LH's discrimination and retaliation based on her disabilities would never relent, and would only continue to get worse, Ms. Czarnecka wisely resigned from employment with LH.

29. No reasonable person would have done otherwise.

30. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA was intended to prevent.

31. In reality, Plaintiff's discharge stemmed from LH's discriminatory animus toward her need for accommodation under the ADA, and severe and pervasive discriminatory conduct amounting to a hostile work environment.

32. The timing of Plaintiff's discharge makes the causal connection between her request for reasonable accommodation under the ADA, the hostile work environment she endured due to her disability, and her discharge sufficiently clear.

33. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

34. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job as a Bi Engagement Lead.

35. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

36. The facts surrounding Plaintiff's discharge also create a strong inference of disability discrimination in violation of the ADA.

37. Defendant was aware of Plaintiff's ADA-protected disability and need for accommodation.

38. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

39. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation and for objecting to discrimination.

40. In short, despite the availability of reasonable accommodation under the ADA, Defendant discriminated against Plaintiff based solely upon her disability.

41. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

42. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

43. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

44. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

45. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

46. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA.

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately forced discharge, because of her disability and/or "perceived disability."

48. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA was intended to prevent.

49. Defendant did not have a good faith basis for its actions.

50. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

51. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

52. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 53, above.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

56. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

59. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE ADA BASED ON DISABILITY

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 53, above.

62. Plaintiff's discharge was within close temporal proximity of her objection to Defendant that she felt he was being discriminated against based on her disability, and her request for reasonable accommodations, and the hostile work environment she endured.

63. Plaintiff's objections, and requests for accommodations constituted protected activity under the ADA.

64. Plaintiff's discharge was a direct result of her objection to what she reasonably believed to be disability discrimination, for requesting reasonable accommodations, and for suffering a hostile work environment.

65. Plaintiff's objections to Defendant's illegal conduct, her requests for reasonable accommodations, the hostile work environment she endured, and her discharge, are causally related.

66. Defendant's stated reasons for Plaintiff's discharge are a pretext.

67. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

70. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 24th day of January 2023.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com